By the Court.

Two objections are made on behalf of the defendant to the right, of the plaintiffs to recover in this action. First, it is said that after the vessel had eluded the blockade, and had gotten safely into Holland, she had no right to leave Holland and go elsewhere at the risk of *the underwriter. But our opinion is, that by getting into Holland, as used in this policy, must be understood getting in for some beneficial purpose, as the sale and delivery of the cargo, which was known to *442 be the sole object of the voyage. The master had a right, and it was his duty, after receiving the information which he had from the correspondent of the plaintiffs at Rotterdam, to depart from the Macse, and seek some other port to discharge his cargo, as it would have been his duty to do, in case he had been boarded and warned to depart by a blockading squadron or ship, on his approaching the river. It would have been as wicked as imprudent for him under the circumstances, to have pursued his route to Rotterdam. This objection therefore cannot prevail. The second objection is, that even if the master had a right to leave Holland under the existing circumstances, yet that the policy having limited the voyage to one port only, the vessel must have discharged at Gottenburg, and that the voyage contemplated by the policy must cease there. The determination of this objection depends on the construction to be given to the words “ port of discharge.” As it appears that the policy was made some time after the vessel had sailed, it is presumable that no particular port of destination had been fixed upon previously to her sailing, and that it was left to the discretion of the master or supercargo to what port he should go. If he had broken bulk, or begun to unlade at Gottenburg, that must have been considered he port of discharge, and the voyage would have ended there within the policy. But we think, and in this opinion we are confirmed by that of several eminent underwriters of whom we have inquired, that when property is insured to a port of discharge, the assured has a right to obtain advice at his port of arrival respecting the markets, and having informed himself, has a right to proceed to such port as promises the best sales, and is still protected by the policy ; not being obliged to discharge his cargo at the first port he makes.

Judgment on the verdict.